**FOREMOST SALES PROMOTIONS, INC., Plaintiff-Appellee,**

v.

**DIRECTOR, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, et al., Defendants-Appellants.**

No. 86–2809.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1987.

Decided Feb. 27, 1987.

William T. Clabault, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendants-appellants.

Allen H. Schultz, Schultz & Schultz, Chicago, Ill., for plaintiff-appellee.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

Foremost, the plaintiff, asked for an injunction and a declaratory judgment proclaiming its right to continue in the liquor business. Both sides moved for summary judgment. The district judge wrote an opinion that would support some relief for Foremost, but he left the extent of relief open, 642 F.Supp. 1025. He denied its request for an injunction "at this time", stated that he need not decide whether Foremost is an agent of its franchisees, and concluded: "The court declares that the

Foremost enterprise does not violate 27 U.S.C. § 205(b) or (c) because it does not exclude sales by non-Foremost suppliers." It is not possible to tell from the opinion whether the judge viewed this as the end of the case. The clerk then entered a minute order stating: "Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. (See draft for particulars) ENTER MEMORANDUM OPINION AND ORDER." The minute order form used by the Northern District of Illinois contains two boxes, one marked "Judgment is entered as follows:" and the other marked "[Other docket entry:]". The form supplies space for notations after these boxes. The minute clerk checked the latter box. The defendants appealed from this minute order.

The order is not a "final decision" under 28 U.S.C. § 1291. See *Rappaport v. United States*, 557 F.2d 605 (7th Cir.1977) (dismissing an appeal from a minute order that granted a motion for summary judgment but did not purport to terminate the case). The minute order refers to the opinion for "particulars", but a final judgment should contain the whole disposition (though not the reasoning behind it). *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987). The opinion contemplated the entry of a declaratory judgment. The opinion is not itself a declaratory judgment, which must be set forth on a separate paper. *Azeez v. Fairman*, 795 F.2d 1296, 1297 (7th Cir.1986). The district judge must select the language of the declaratory judgment and issue the order; the court may not stop with the opinion. And a litigant "cannot appeal from a statement of intention to enter a judgment, as distinct from the judgment itself." *Ibid.* We must assume, from the check in the "[Other docket entry:]" box, that there is more to come.

The reference to withholding injunctive relief "at this time" also is Delphic. Does the court mean to deny the request for an injunction, holding open the possibility of a new suit if circumstances change, or does the court contemplate further proceedings before entry of a judgment? The failure to

clarify this—either in the opinion or in the separate judgment required by Fed.R. Civ.P. 58—makes it very difficult to tell whether there is appellate jurisdiction. Finally, although the minute order grants Foremost's motion for summary judgment, it does not indicate whether this is the terminating order or describe the relief to which Foremost is entitled.

Rule 58 is supposed to permit ready ascertainment of jurisdiction. The entry of minute orders of the sort used in this case makes life difficult for the parties and the court of appeals. When the court wants to withhold judgment, it also should withhold entry of a minute order that could be mistaken for a judgment. The clerk, who is responsible for the entry of judgment, must do more than just copy the final line of the opinion—a problem that in *Reytblatt* and, to a lesser degree this case, produced strikingly inappropriate language.

The check in the "[Other docket entry:]" box might imply that the district court planned to enter a definitive order later. Yet since September 3, 1986, when the court entered the minute order, it has neither entered a final judgment nor asked for further materials from the parties. The civil rules operate smoothly only if all concerned, including the courts, carry out their parts faithfully; there may well have been an oversight here.

█ The defendants suggest that the court "really" meant to enter a partial final judgment under Fed.R.Civ.P. 54(b), disposing of the request for declaratory relief but withholding action on the request for an injunction. We have held, however, that the express findings required by that Rule are indispensable to the "finality" of the order, and hence to appellate jurisdiction. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 623–24 (7th Cir.1986). The Rule also permits an appeal only from a segregable claim; as far as we can tell, Foremost has only one claim, although it requests different kinds of relief. The disposition of the merits is not segregable from the award of relief. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Kaszuk v. Bakery and Confectionery Union*, 791 F.2d 548, 553 (7th Cir.1986).

█ Defendants also suggest that the order may be appealed under *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), which holds that the entry of a Rule 58 judgment is not always necessary. If the district court has terminated the litigation on the merits, the parties may "waive" the entry of the separate document. *Id.* at 384, 388, 98 S.Ct. at 1119, 1121. The Court reasoned that it would be empty formalism to dismiss an appeal only to have a new one filed immediately from the inevitable judgment. The district court in *Mallis* unquestionably had ended the case. This case may be alive in the district court. The declaratory judgment must be framed and entered, and the status of the request for an injunction is unclear. Foremost has not "waived" the entry of these documents. The district court has yet to demonstrate its belief that this case is over.

█ Defendants finally suggest that we remand the case to the district court so that it may enter a final judgment. A remand is a judicial act, possible only if the court has jurisdiction. A court has "jurisdiction to determine its jurisdiction" and therefore could remand if, for example, there were an unresolved question of fact pertinent to the existence of jurisdiction. It is not appropriate, however, to remand for the purpose of creating jurisdiction, if we are certain that (so far) there is none. There is none in this case, so we must dismiss the appeal for want of jurisdiction.