AMERICAN INTERINSURANCE EX-
CHANGE, Plaintiff–Appellant,

v.

OCCIDENTAL FIRE AND CASUALTY
COMPANY OF NORTH CAROLINA,
et al., Defendants–Appellees.

No. 87–1444.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 1987.

Decided Dec. 8, 1987.

Carl L. Steiner, Axelrod, Goodman, Stein-
er & Bazelon, Chicago, Ill., for plaintiff-ap-
pellant.

Barry L. Kroll, Williams & Montgomery,
Ltd., Chicago, Ill., for defendants-appellees.

Before FLAUM, EASTERBROOK,
and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

A trucking mishap has produced a dis-
pute about insurance coverage. Walter
Ragland, doing business as Ragland Truck-
ing, owned the offending truck; Daniel
Donnelly was driving the truck at the time;
Ragland had leased the truck to Illinois
Cargo, Inc. American Interinsurance Ex-
change insured Cargo; Occidental Fire &
Casualty Co. insured Ragland. American's
policy covers a leased truck "while [it] is
being used exclusively in [Cargo's] busi-
ness as a trucker." Occidental's policy ex-
cludes accidents that occur while the truck
"is being used in the business of any per-
son or organization to whom the [truck] is
rented." The insurers dispute whether the
truck was being used "exclusively" in Car-
go's business, because Ragland simulta-
neously leased it to someone other than
Cargo and treated it as his to hire out by
the trip; on the day in question Cargo may
have had no use for the truck, and at the
time of the accident Donnelly was using it
on an errand at Ragland's direction. Occi-
dental, for its part, denies coverage be-
cause Ragland was devoting the truck to
business other than Ragland's, and Occi-
dental does not much care whose.

American commenced this case under the
diversity jurisdiction, 28 U.S.C.
§ 1332(a)(1), naming Occidental, Cargo,
Ragland, and Donnelly as defendants. It
sought a declaratory judgment that (a) its

policy does not cover the accident, and (b) Occidental's does. Occidental filed a counterclaim against American, Ragland, Donnelly, and Bobby Devers (the victim of the accident) seeking a declaration that its own policy is inapplicable. American, Occidental, Ragland, and Cargo filed a stipulation of facts, waived a trial, and moved for judgment. (Donnelly and Devers did not join this stipulation.) American, Occidental, and the district court have characterized these documents as "motions for summary judgment", which they were not. The procedure was a bench trial on stipulated facts. The facts missing in the complaint and stipulation include the principal place of business of Occidental and other information relevant to the existence of diversity jurisdiction. The district court and the parties neglected to ensure that all of the information necessary to establish diversity was in the record. The parties have sought to rectify this failure on appeal, see 28 U.S.C. § 1653, and Occidental argues that the suit does not present a case or controversy to the extent American seeks a declaration of Occidental's liability; we leave these problems to the district court in the first instance because there is also a failure in appellate jurisdiction.

■ The district court concluded that American's policy covers the accident and Occidental's does not. The last paragraph of the opinion filed on December 23, 1986, states:

> Accordingly, the court enters summary judgment in favor of the defendant/counter-plaintiff, Occidental Fire & Casualty Company of North Carolina, and against the plaintiff/counter-defendant, American Interinsurance Exchange. Occidental is ordered to submit a proposed judgment within seven days.

The opinion did not mention the relief, if any, to which Cargo, Ragland, and Donnelly were entitled. Because everyone wanted a declaratory judgment, Occidental's "proposed judgment" presumably would spell out the details. Without waiting for Occidental's proposal, however, the district court entered a document on the form pre-

scribed for judgments in civil cases. This document states:

> IT IS ORDERED AND ADJUDGED
> Accordingly, the court enters summary judgment in favor of the defendant/counter-plaintiff, Occidental Fire & Casualty Company of North America [sic], and against the plaintiff/counter-defendant, American Interinsurance [sic]. Occidental to submit proposed judgment within seven days. ENTER MEMORANDUM OPINION AND ORDER.

This document, derived from the last paragraph of the district judge's opinion, is not a "final" decision. It does not deal with Cargo, Ragland, Donnelly, or Devers; it omits the declaratory judgment; it contemplates the entry of a further judgment; it refers to the opinion for further guidance. It is the sort of document that, we have said repeatedly, causes nightmares on appeal. E.g., *Benjamin v. United States*, 833 F.2d 669 (7th Cir.1987); *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987); *Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco & Firearms*, 812 F.2d 1044 (7th Cir.1987).

Occidental submitted a proposed judgment, which the district court ignored and which did not find its way into the record on appeal. American served on January 7, 1987, a motion asking the district court to reconsider and pointing out, among other things, that the opinion of December 23 did not settle the entitlements of Cargo. After issuing a short explanation denying the motion for reconsideration, the court entered this additional document, again on the form for final judgments:

> IT IS ORDERED AND ADJUDGED
> Accordingly, the motion to reconsider is denied. The motion for summary judgment of Cargo is granted.

At this point American filed a notice of appeal. There was still no declaratory judgment or other specification of the relief to which Occidental and Cargo were entitled by virtue of the grant of their motions, and still no judgment wrapping up the case with respect to Donnelly and Ragland, two defendants on both American's initial com-

plaint and Occidental's counterclaim, or Devers, named only in Occidental's counterclaim.

This court issued an order directing American to explain how the judgment could be final when it neither disposed of all the parties' claims nor was accompanied by findings under Fed.R.Civ.P. 54(b). American replied that both Donnelly and Ragland "are only nominal or proper parties to this particular action, since ... [t]hese Defendants are covered by one or the other of the insurance policies in effect at the time of the accident." We then set the case for briefing on the merits and oral argument, postponing resolution of the jurisdictional problem. At the oral argument, we directed the parties to file briefs on jurisdiction.

It is hard to see how Donnelly and Ragland can be deemed nominal parties, and Devers's situation has escaped everyone's attention. The district court (apparently) concluded that American's policy covers this accident and Occidental's does not. American alone appealed. If we reverse on American's appeal, then *no* policy covers this accident. Occidental argues vigorously that American has no legal interest in obtaining a reversal of the judgment absolving Occidental of liability. It may be, as American argues, that *if* its policy applies, it has an interest in obtaining a declaration that Occidental's applies too—for then, American says, Occidental's policy is basic and American's is excess. But if we were to agree with American that its policy does not apply, then American would have no interest in a declaration that Occidental's does. Ragland, Donnelly, and Devers have a great interest in this subject, but their claims and defenses (apparently) remain to be resolved, and they have not participated in this appeal. Even if American and Occidental have a "case or controversy" about the coverage of Occidental's policy, the appeal could end with a decision that neither applies. American's policy is inapplicable if, because of the multiple leases covering the truck and Cargo's statement that it had no freight the day of the accident, the truck was not "being used *exclusively* in [Cargo's] business" when

the accident occurred. Occidental's policy is inapplicable if at the time of the accident Donnelly was driving the truck in the business of someone other than Ragland—just which lessee or potential lessee would not matter. Counsel for both American and Occidental conceded at oral argument that this was a potential outcome, giving Donnelly, Ragland, and Devers more than nominal interest in this appeal. Under Rule 54(b), the district court's failure to terminate the case with respect to Donnelly, Ragland, and Devers prevents an appeal.

The failure to enter a declaratory judgment independently deprives the disposition of finality. The "judgment" entered on December 23 contemplated further proceedings. American and Occidental wanted declaratory relief. Drafting the necessary declaratory judgment would require some care, which must be why the district court asked Occidental to submit a proposal. Having ordered the submission, the court ignored Occidental's draft. This means that this case is still alive in the district court, for the terms of the declaratory judgment have yet to be resolved. See *Foremost*, 812 F.2d at 1045 ("The district judge must select the language of the declaratory judgment and issue the order; the court may not stop with the opinion.").

■ This case, like *Reytblatt, Foremost,* and *Benjamin*, grows out of delegating the drafting of complex judgments to the court's staff. It has become somewhat routine for district judges to instruct their minute clerks to use as "judgments" the last paragraphs of their opinions. So we have judgments that begin "Accordingly" and omit essential terms and parties. Under Fed.R.Civ.P. 58 the judgment must be self-contained and complete. See *Benjamin, Foremost,* and *Reytblatt.* It must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted. The Rule 58 judgment starts a period within which to file motions and notices. The time limits are short and strictly enforced. See *Browder v. Director, Department of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed. 2d 521 (1978); *Bailey v. Sharp*, 782 F.2d 1366 (7th Cir.1986); *Exchange National*

*Bank v. Daniels,* 763 F.2d 286 (7th Cir. 1985). Unless the judgments are clear and complete, neither the parties nor the courts will know who has charge of the case. Cf. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). To avoid risking forfeiture of their rights, parties such as American must appeal from the entry of all judgment-like documents, which causes wheels to spin in the court of appeals and exposes the parties to needless expense. E.g., *Parisie v. Greer,* 705 F.2d 882 (7th Cir.1983) (en banc).

Doubtless there are benefits in the mechanical entry of judgment in the district courts. A judgment drafted by the staff may be entered more quickly, and the judge can concentrate on other things requiring attention. Cases such as ours demonstrate, however, that these immediate savings may be swamped by increased costs later on.

Rule 58 distinguishes between judgments that may be entered by the clerk and those that must be approved by the judge. Judgments "upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or that all relief shall be denied" may be drafted and entered by the clerk under Rule 58(1). "[T]he court shall promptly approve the form of" any other kind of judgment. Rule 58(2). When, as in our case, the judgment entails declaratory relief and a counterclaim with multiple parties, it is important—and it is mandatory under Rule 58(2) —that the district judge participate in the formulation and entry of the judgment. Rule 58 cannot achieve its purpose unless district courts are conscious of the need for simple, self-contained, complete (and hence final) judgments describing the relief to which the prevailing party is entitled. Courts are hard pressed to deal with the cases that need prompt attention; haste and the ofttimes resultant neglect in the wrapping up of cases increases the work of the parties and the judicial system.

The appeal is dismissed for want of jurisdiction.