George CLEAVER and Edith Cleaver,
Plaintiffs–Appellees,

v.

James D. ELIAS and Laura J. Elias,
Defendants–Appellants.

No. 88–2088.

United States Court of Appeals,
Seventh Circuit.

Submitted July 1, 1988.

Decided July 15, 1988.

Robert H. Snow, Snow & Snow, Ltd., Chicago, Ill., for defendants-appellants.

Steven Sommerfield, Landau & Assoc., P.C., Downers Grove, Ill., for plaintiffs-appellees.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

A premature notice of appeal disrupts proceedings in the district court. That court must put the case aside and wait for this one to send the record back. Such a notice also imposes unjustified costs on the adversary, whose lawyers must monitor the case and file papers in two courts at once, and on the judges who must set things straight. Robert H. Snow, attorney for James and Laura Elias, has filed such a notice of appeal, after the district judge told Snow that there was no judgment to appeal. Having sanctioned Snow under Fed.R.Civ.P. 11 earlier in the case for filing an obtuse motion, the district judge warned counsel: "I don't think I entered a final judgment order. Now, if you have appealed that, sir, you'll probably get sanctioned up there." Snow replied: "I doubt it very much, your Honor." Counsel should have accepted this free advice. Our views are neither advisory nor free. We dismiss the appeal for want of jurisdiction and impose a sanction of $1,500 under Fed.R.App.P. 38 to be paid by counsel personally.

George and Edith Cleaver, debtors on a $70,000 note secured by real property, filed an action seeking a declaration that the rate of interest on the principal was 8% rather than the 10% the creditors sought. The complaint has two counts: one asking the court to limit the 10% rate to missed payments rather than the whole principal, the other asking for damages on the ground that the 10% rate is usurious. The lenders removed the suit to federal court and filed a counterclaim seeking foreclosure of the security interest and a cross-claim against a bank involved in the transaction. The district court wrote a short memorandum concluding that the 10% rate applies only to overdue payments until the lenders choose to accelerate the debt. The court filed a minute order stating: "Plaintiffs are entitled to summary judgment on count I. Parties should file an agreed motion as to the amount that is now owing on the note based on this Court's declaration as to the note's meaning." The minute order form has two boxes, one marked "Judgment is entered as follows:" and the other "[Other docket entry:]". The court checked the latter box. The usury count, counterclaim, and cross-claim remained outstanding. Counsel for the plaintiffs dismissed the usury count in open court, after being informed that the Illinois usury law had been repealed years ago. At this point Snow filed a notice of appeal on behalf of defendants, and proceedings in the district court screeched to a halt.

Magazines sometimes publish pictures inviting readers to find all the flaws or impossible things depicted. Snow should have looked at his appeal from that perspective. Many things are wrong with this picture. (1) The complaint asked for a declaratory judgment, and none has been drafted or entered. *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir.1987). (2) The district court called on the parties to quantify the amounts due, including interest, which has not been accomplished. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206–07, 47 L.Ed.2d 435 (1976); *Kaszuk v. Bakery and Confectionery Union*, 791 F.2d 548, 552–53 (7th Cir. 1986). (3) Although a counterclaim and a cross-claim are pending, the district court has not entered a partial judgment under Fed.R.Civ.P. 54(b). *In re Berke*, 837 F.2d 293 (7th Cir.1988); *American Interinsurance Exchange v. Occidental Fire & Casualty Co.*, 835 F.2d 157 (7th Cir.1987). (4) There is no document resembling a Rule 58 final judgment, and an appeal is possible in the absence of such a document only if the district court clearly has disposed of all pending matters. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir.1987). Far from disposing of everything, the district court had required the parties to appear on June 13, 1988, to discuss the sum owing as a result of the court's opinion; Snow disrupted that proceeding by announcing (in mid-hearing) that he had filed a notice of appeal on June 9. At this point the district judge, who was trying to wind up the case so that it would become appealable, informed Snow repeatedly that the case was still under way ("I have not, sir, I have not—hear me well—I have not entered a final order in this case") and said that an appeal would be sanctionable ("you'll probably get sanctioned up there.... I hope that you get what you got coming to you"). There is more—as we told Snow in an order issued June 14, 1988, requiring him to show cause why the appeal should not be dismissed—but piling-on penalties apply in law as well as in football.

Attorney Snow's response to the order of June 14 reveals his ignorance of the principles of finality in federal litigation. He calls the calculation of damages "ministerial" and therefore irrelevant; concerning the counterclaim, Snow informs us: "it should be apparent that the decision by the trial judge as to the interpretation of the penalty provision of the note is fully determinative of the basic controversies in the counterclaim for foreclosure". His nine-page memorandum cites none of the essential cases; instead he relies on the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). As its name suggests, however, the doctrine deals with *collateral* orders, those "completely separate from the merits of the action", *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), quoted most recently in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988). It excludes dispositions on the merits, *Augusta Bakery Corp. v. NLRB*, 846 F.2d 445 (7th Cir.1988), which Snow is at pains to tell us this disposition is. We could play what-is-wrong-with-this-picture again, because the appeal does not satisfy any of the other elements of *Cohen*, but the point has been made. An order of the sort involved here would not have been appealable even if the district court had directed the entry of judgment under Rule 54(b), see *Liberty Mutual;* it assuredly is not appealable in the absence of such a direction. E.g., *Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Limited Partnership*, 845 F.2d 674 (7th Cir.1988); *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 623–24 (7th Cir.1986).

Snow removed this case to federal court. It was his responsibility to learn the fundamentals of federal practice whether the forum was of his choosing or not. Instead he filed and stubbornly clung to a silly appeal. Lawyers who invoke our jurisdiction without doing the necessary groundwork must expect to pay for the costs they impose on their adversaries and the judicial system. *Sparks v. NLRB*, 835 F.2d 705

(7th Cir.1987); cf. *PaineWebber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir.1988). Snow's appeal caused the district court to abort the hearing of June 13 that had been called to fix the amount due on the loan. He was warned by the district court and by our order to show cause; instead of dismissing the appeal he obstinately pressed forward. He is penalized $1,500 under Rule 38, of which $1,000 is to be paid to the plaintiffs as rough compensation for the costs of the wasted hearing of June 13 and the need to monitor this appeal, and $500 to the Treasury.

APPEAL DISMISSED, SANCTIONS IMPOSED.