917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert GEER; H.W. Kochs, Jr., Plaintiffs,
v.
STERLING FILM PORTFOLIO, LTD., William A. Derrick, Jr., Defendants.
Raymond R. HOMER, Defendant-Appellant,
v.
COOPERS AND LYBRAND, Non-Party Appellee.
 No. 89-4062.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1990.
 
 Before MERRITT, Chief Circuit Judge; NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Homer appeals a judgment lien entered on behalf of Coopers & Lybrand, accountants, for services rendered in connection with an investigation and financial report on Sterling Film Portfolio, Ltd. (Sterling), a partnership defendant in which Homer had been a general partner. Homer challenges the reasonableness and sufficiency of a district court order taxing costs against defendants, and taxation of the cost of the Sterling accounting against him personally under the circumstances.
 
 
 2
 Plaintiffs, two limited partners, asserted breach of contract and fiduciary duty against Sterling, Derrick, and Homer, general partners. During the course of the litigation, the district court issued an order requiring an accounting of Sterling and appointing Coopers & Lybrand to conduct an accounting. Homer was ousted from Sterling in 1981, five years after Sterling was formed. The court ordered by margin entry that costs of accounting were to be paid by the defendants, Derrick and Homer, without specification of amount.
 
 
 3
 The court had instructed the accountants to provide a summary report of the work performed to a point where lack of cooperation was indicated. Coopers & Lybrand filed a letter report with a two page "partial accounting," on Sterling outlining briefly the procedures performed and the results obtained. Thereafter, Coopers & Lybrand filed a statement of services rendered (without an hourly breakdown) to Derrick and Homer, "c/o The Honorable Alvin Krenzler," seeking $39,684.00. Within a week, the accountants notified defendant Homer's attorney by copy of another letter of its motion to tax costs against "the parties to this action."
 
 
 4
 The record reflects opposition to the motion, but, again, by marginal entry, the district court granted the motion and assessed costs accordingly. Attached is a copy of a subsequent entry, nunc pro tunc, (entered August 10, 1989), as to the earlier margin entry. The district court overruled plaintiffs' motion to set aside the purported judgment lien of Coopers & Lybrand as being without notice and because there had been no final separate order of judgment in the case. Homer appealed, claiming denial of due process and the granting of substantial accounting fees and costs against him without a hearing and without substantial evidence to support such award.
 
 
 5
 Rule 58 of the Federal Rules of Civil Procedure mandates that a judgment "should be set forth on a separate document," and that it is "effective only when so set forth" (emphasis added). This has long been interpreted to be a mandatory requirement. Levin v. Wear-Ever Aluminum, Inc., 427 F.2d 847 (3d Cir.1970). See also American Interinsurance Exchange v. Occidental Fire & Cas. Co., 835 F.2d 157 (7th Cir.1987); Sanders v. Clemco Industries, 862 F.2d 161 (8th Cir.1988). A judgment to be final "must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted." American Interinsurance Exchange, 835 F.2d at 159. This is the only way that a district court can make a judgment "clear and complete" so that parties concerned and appellate courts may act based on separate entry of a judgment based on a motion for relief. Id. at 160.
 
 
 6
 In the case at hand, regrettably, the district court failed to meet the requirements of Rule 58. An unexplained margin entry on the face of a non-party's motion to tax costs, "motion to tax costs granted," is simply insufficient. There was no effective judgment entered as required by the rule, and the subsequent deputy clerk's attempted "Certificate of Judgment lien upon lands and tenements" of defendants, or any of them, was also without validity. The docket entry notation, "marginal entry order granting non-party Coopers & Lybrand's mot. to tax costs J. Krenzler c/m 2/9/89" was also ineffectual and insufficient.[1] Subsequently, after the Certificate of Judgment lien had been filed, plaintiff moved to vacate the judgment lien challenging the underlying marginal entry for costs.
 
 
 7
 In Coopers & Lybrand's brief in opposition to plaintiffs' motion to vacate the judgment lien filed October 11, 1989, it observed that "this Court apparently refused to adhere to those arguments and to date, has not vacated the judgment rendered against Plaintiffs." (J/A 49). The next day, the district court once again entered a marginal entry order overruling the motion to vacate. On November 3, 1989, the district court for the first time effected a separate "judgment entry" awarding $39,684 against both plaintiffs and all defendants "jointly and severally" in favor of Coopers & Lybrand. The judge entered the order "nunc pro tunc " as of February 9, 1989. He stated finally, "pursuant to Fed.R.Civ.P. 54(b), there is no just reason for delay." Appeal then ensued by attorneys for plaintiffs from the "marginal order of February 9, 1989" and the "marginal order of October 12, 1989." Defendant Homer appealed from the November 3, 1989 order.
 
 
 8
 Because we cannot determine the basis of the district court's award of $39,684 against all parties in the absence of a breakdown of actual hours incurred and whether the rates charged were reasonable and proper, and because we cannot determine the basis for holding all parties equally (jointly and severally) liable, we remand this matter to the district court for factual findings and conclusions after a hearing with notice to all interested parties.
 
 
 9
 We accordingly REMAND for the reasons and purposes indicated.
 
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF OHIO
 EASTERN DIVISION
 ROBERT GEER, et al., Plaintiffs
 
 10
 vs
 
 
 11
 STERLING FIRM PORTFOLIO, LTD., et al., Defendants
 
 Civil No. C86-5291
 
 12
 CERTIFICATE OF JUDGMENT LIEN UPON LANDS AND TENEMENTS
 
 
 13
 ALVIN I. KRENZLER, District Judge.
 
 
 14
 I, James S. Gallas, Clerk of the United States District Court for the Northern District of Ohio, do hereby certify that on the 9th day of February, 1989, a judgment was rendered by said Court in favor of Non-Party Coopers & Lybrand, and against All parties, jointly and severally, as listed in Exhibit A attached hereto, in the amount of Thirty-Nine Thousand Six Hundred Dollars, ($39,684) with interest at the rate of Eighty-Four per centum per annum from the ______ day of __________, 19____, in the above entitled case, which judgment is entered under date of February 9, 1989 in said Courts, which judgment is attached hereto as Exhibit B.
 
 
 15
 WITNESS MY HAND AND THE SEAL OF SAID COURT at Cleveland, Ohio this 10th day of August, 1989
 
 JAMES S. GALLAS, Clerk
 
 16
 /s/signature illegible
 
 Deputy Clerk
 
 17
 (SEAL)
 
 
 
 [1]
 During January of 1989, the district court had granted plaintiff's motion by margin order for an extension of time to respond to the motion to tax costs until February 7, 1989, and to file pretrial statement until February 15, 1989. A supplemental motion was filed by defendant in opposition to the accountants' motion to tax costs on April 13, 1989