**STAMATAKIS INDUSTRIES, INC., et al., Plaintiffs–Appellants, Cross–Appellees,**

**v.**

**J. WALTER THOMPSON, U.S.A., INC., et al., Defendants–Appellees, Cross–Appellants.**

**Nos. 90–3484, 90–3597.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1991.

Decided Sept. 30, 1991.

John Fennig (argued), Thomas J. Murphy, James M. Scanlon, Chicago, Ill., Thomas F. Reddy, Lake Worth, Fla., for plaintiffs-appellants, cross-appellees.

Kevin E. White, Frank L. Butler, Neil Holmen, Winston & Strawn, Marcos Reilly, Thomas F. Ging (argued), Hinshaw & Culbertson, Chicago, Ill., for defendants-appellees, cross-appellants.

Before BAUER, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

PER CURIAM.

The district court referred some motions for summary judgment in this action to a magistrate judge. After receiving a recommendation that the motions should be granted, the district court entered a minute

order reading: "The plaintiffs' objections and further objections to Magistrate Bucklo's report and recommendation are overruled and the court adopts the magistrate's recommendation." Although the clerk checked the box "Judgment is entered as follows", this order is not a judgment by any stretch of the imagination. Other claims in the litigation were unresolved, and the order did not specify the relief to which the prevailing parties are entitled. See, e.g., *Foremost Sales Promotions, Inc. v. Director, BATF*, 812 F.2d 1044 (7th Cir. 1987). It does not say, for example, whether the pendent state claims are being dismissed with or without prejudice, a subject of substantial moment to the parties. The magistrate judge's recommendation could bear either reading, for it says both that the claims lack merit and that they should be dismissed without prejudice once the antitrust claims have been resolved.

■ Although this document is not a judgment, three parties filed notices of appeal. We noticed the pendency of the counterclaim and called for memoranda on the jurisdictional question. This prompted the parties to ask the district court to enter a judgment under Fed.R.Civ.P. 54(b). The judge obliged, entering an order that reads:

> This cause coming to be heard upon the Agreed Motion for Rule 54(b) Certification, the court being advised of the position of all parties regarding this motion;
>
> IT IS HEREBY ORDERED and the court expressly determines that there is no just reason for delay and directs the entry of final judgment in favor of defendants on all defendants' motions for summary judgment as recommended in Magistrate Bucklo's Report and Recommendation dated July 31, 1990. This order is entered <u>Nunc Pro Tunc</u> as of October 11, 1990.

This second "judgment" still does not specify the relief to which the prevailing side is entitled. It does not say which side prevailed on which claims, or even which claims have been resolved and which remain for decision.

■ Moreover, the district judge did not give an explanation for entering a Rule 54(b) order. The transcript of proceedings reveals that the judge was willing to do whatever the parties wanted; the only inquiry from the bench was whether this was an agreed order. Yet we have said many times that district judges may not enter orders under Rule 54(b) just because the parties ask. E.g., *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990). District judges must independently inquire whether such orders are appropriate, and they owe an obligation to this court to ensure that the claims being carved off for separate judgment are legally and factually distinct from those reserved. *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1237–38 (7th Cir.1990); *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1366 (7th Cir.1990); *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1218–19 (7th Cir.1990). No such inquiry was conducted here, and the court stated no reasons for this highly problematic order. The amended counterclaim asserts that the main action is an abuse of process, and so entails the same legal and factual issues, plus a layer of intent.

■ Satisfied with this order, the parties proceeded to file their briefs on the merits. The counterclaim was dismissed on March 22, 1991. The order dismissing the counterclaim provides:

> Defendant Counter–Plaintiff, Kind Graphic's motion to voluntarily dismiss Counterclaim is granted. The First Amended Counteralaim filed February 28, 1991 is dismissed without prejudice.

Although this marked the end of the litigation, the district court did not enter the judgment required by Fed.R.Civ.P. 58. The minute order dismissing the counterclaim is marked "Other docket entry". We have not found any judgment.

Neither the order approving the magistrate judge's report nor the purported Rule 54(b) order is an appealable judgment. The dismissal of the counterclaim should have produced an appealable judgment, but none has been entered. We therefore dismiss

**384**

the appeals for want of jurisdiction. The district court should enter final judgment—that is, a self-contained order specifying the disposition of all of the claims and the relief to which the prevailing parties are entitled.

Once the district court has complied with Rule 58, any aggrieved party may file a notice of appeal. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). Any new appeals will be submitted to this panel on the original briefs. The parties may file supplemental memoranda, not to exceed five pages, discussing the significance of the decision (once the district judge makes it) whether to dismiss the pendent claims with or without prejudice. After taking new appeals, counsel should alert the clerk of this court to this order so as to expedite resubmission of the case.