945 F.2d 407
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John SCOBY, et al., Plaintiffs-Appellees, Cross-Appellants,
v.
Michael D. NEAL, individually and as Warden of the Danville
Correctional Center, Dennis Davis and Roger White,
individually and as officers of the Danville Correctional
Center, Defendants-Appellants, Cross-Appellees.
 Nos. 90-2829, 90-2830.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 25, 1991.
Decided Oct. 8, 1991.
 
 Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In April 1987, five correctional officers at the Danville Correctional Center in Danville, Illinois, filed a complaint alleging that their Fourth and Fourteenth Amendment rights were violated when they were strip-searched by three supervisory correctional officers.[1] Defendant Neal, the Warden of the Danville Correctional Center, authorized the strip-searches allegedly without probable cause or reasonable suspicion. Plaintiffs sought a declaratory judgment that defendants' conduct violated the Fourth and Fourteenth Amendments of the Constitution by subjecting them to unreasonable searches and seizures and by depriving them of liberty without due process. Plaintiffs also sought compensatory and punitive damages and subsequently amended their complaint to include a request for injunctive relief.
 
 
 2
 In October 1988, the district judge granted defendants' motion for summary judgment as to liability for damages based on the doctrine of qualified immunity. In his accompanying order, the judge found that there was no clearly established right of correctional officers to be free from warrantless body cavity searches as of March 30, 1987, when these searches occurred. Therefore he held that the defendants were entitled to qualified immunity and accordingly were not liable for monetary damages. Judgment was entered granting partial summary judgment in defendants' favor as to liability for monetary damages. Subsequently, defendants moved for judgment on the pleadings and plaintiffs moved for summary judgment on the issues of declaratory and equitable relief.
 
 
 3
 In March 1990, the district court issued another order purportedly granting injunctive and declaratory relief to the plaintiffs. The court noted that the Department of Corrections Employee Rules and Responsibilities stated in Rule Nine that strip-searches of its employees may be authorized by the warden or his designee. Nothing in the rule itself required reasonable suspicion or probable cause, but an institutional directive authorized body searches (as distinguished from strip-searches) if the administration had "reasonable grounds to believe that the person has contraband on his person." The court viewed the directive as applicable only to the more limited body searches rather than strip-searches and after analyzing the relevant case law concluded that Rule Nine was facially unconstitutional as to strip-searches because it did not require either probable cause or reasonable suspicion. The order therefore granted plaintiffs' motion for summary judgment and enjoined defendants from conducting strip-searches of correctional officers under the authority of Rule Nine and the body search directive. The order also expressly declared that Rule Nine and the directive, as applied to strip-searches, were unconstitutional. At the end of the order, the Clerk was directed "to enter judgment accordingly." However, the judgment itself merely stated "judgment is entered in favor of the plaintiffs and against the defendants."
 
 
 4
 The defendants appealed from the March 1990 summary judgment and the plaintiffs cross-appealed as to the October 1988 partial summary judgment denying them damages in view of defendants' qualified immunity.
 
 
 5
 We have no jurisdiction to consider the validity of the order entered by the district court awarding plaintiffs declaratory and injunctive relief. This Court has recently stated that "[w]hen a judge does not record an injunction or declaratory judgment on a separate document, the defendant is under no judicial compulsion. * * * Because [defendant] is not under an enforceable constraint, there is nothing before us on appeal." Bates v. Johnson, 901 F.2d 1424, 1428 (1990). Rule 58 of the Federal Rules of Civil Procedure, when read in conjunction with Rules 57 and 65(d), requires this result. See Azeez v. Fairman, 795 F.2d 1296, 1297 (7th Cir.1986); Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Etc., 812 F.2d 1044, 1045 (7th Cir.1987). Therefore, the cause must be remanded for the entry of a proper judgment and the filing of a new notice of appeal before we have any jurisdiction to consider the March 1990 order. After these mechanics have been satisfied and a new notice of appeal is filed, this cause shall be referred to the same panel for disposition of both appeal and cross-appeal.
 
 
 6
 On this remand, the district court shall also consider whether this case has become moot as to declaratory and injunctive relief in that the amended Administrative Directive 05.01.109E(2), effective September 1, 1991, and submitted to this Court in response to the oral argument, shows that there is no reasonable likelihood that strip-searches will be authorized in an unconstitutional manner.
 
 
 7
 Remanded with directions.
 
 
 
 [1]
 The second amended complaint included correctional officers Teeters and Render as plaintiffs. Although it has not been included in the record on appeal, the third amended complaint apparently removed supervisory correctional officer Herox as a defendant, leaving Davis and White as the remaining defendant correctional officers