956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Pat CORRADO, Debtor.
Joseph SAMBUCCI, Plaintiff-Appellee,
v.
Pat CORRADO, Defendant-Appellant.
 No. 91-1598.
 United States Court of Appeals, Seventh Circuit.
 Feb. 26, 1992.
 
 Before BAUER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Sambucci filed an adversary complaint against Pat Corrado alleging that his claim was secured and non-dischargeable in Corrado's bankruptcy. The parties filed cross-motions for summary judgment. On September 11, 1986, the bankruptcy court orally granted summary judgment in favor of Sambucci, and ordered him to submit a draft order within seven days or his motion would be denied. Sambucci failed to submit a draft order for summary judgment to the bankruptcy court within seven days. On October 9, 1987--over a year after the September 1986 hearing, the bankruptcy clerk entered a minute order (that had been prepared on the date of the hearing) showing that summary judgment had been granted in favor of Sambucci. Corrado was not advised of the entry of the minute order nor did he receive a copy of the minute order.
 
 
 2
 It was not until March 10, 1988 that Corrado became aware that the minute order entry granting Sambucci summary judgment had been docketed in October, 1987. On May 4, 1988, Corrado moved to vacate the summary judgment entry pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (incorporated by Bankruptcy Rule 9024) in order to reinstate the time to file an appeal. Corrado alleged (1) that his attorney monitored the bankruptcy court docket on a regular basis for five months following the September 1986 hearing and that he had not learned that summary judgment may have been entered against him until March 10, 1988, (2) that Sambucci failed to submit a draft order until a month and a half after the hearing and had not sought leave to file beyond the seven day period, (3) that summary judgment was inconsistent with the court's ruling that Sambucci's motion would be denied if he failed to present a draft within seven days, (4) that the summary judgment was not entered within a reasonable time, and (5) that the clerk failed to give notice of its entry.
 
 
 3
 On May 12, 1988, the bankruptcy court noted that the October, 1987 summary judgment entry was contrary to the result intended if Sambucci failed to file a draft order within seven days of the hearing, and vacated its summary judgment order. Upon oral motion of Sambucci, the court then reentered summary judgment, thereby reinstating the time for Corrado to file an appeal. The bankruptcy court denied Corrado's motion to reconsider the merits of the summary judgment and Corrado appealed to the district court.
 
 
 4
 The district court determined it had no jurisdiction to hear Corrado's appeal because the bankruptcy court erred in vacating the October, 1987 summary judgment order. See Spika v. Village of Lombard, 763 F.2d 282, 284 (7th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 793 (1986). Although the district court found that Corrado was diligent in checking the bankruptcy court docket, it held that Corrado should have also requested the bankruptcy court to enter summary judgment against him and that Corrado's failure to seek relief for almost two months after he received information indicating that summary judgment had been entered against him was unreasonable. The district court denied Corrado's motion for reconsideration. Corrado appeals and we reverse.
 
 
 5
 Although the bankruptcy court clerk entered a minute order granting Sambucci summary judgment on October 9, 1987, the court failed to enter judgment on a separate document in accordance with Bankruptcy Rule 9021 (incorporating Federal Rule of Civil Procedure 58).[1] Therefore, consideration of whether Rule 60 relief should be afforded to Corrado for failing to appeal within 10 days, pursuant to Bankruptcy Rule 8002(a), is unnecessary because the time for appeal did not begin to run until the bankruptcy judge entered a proper judgment on May 12, 1988. See United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562 (1973); In re Kilgus, 811 F.2d 1112, 1117 (7th Cir.1987). The district court has jurisdiction over Corrado's appeal from the bankruptcy court.
 
 
 6
 The judgment of the district court is REVERSED and we remand for consideration of Corrado's appeal.
 
 
 
 [1]
 The bankruptcy court's minute order was not a Rule 58 judgment because it failed to specify the relief to which the prevailing party was entitled. Stamatakis Industries, Inc. v. J. Walter Thompson, U.S.A., Inc., 944 F.2d 382, 383 (7th Cir.1991); Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco and Firearms, 812 F.2d 1044, 1045 (7th Cir.1987)