**INLAND STEEL COMPANY,**
Plaintiff–Appellee,

v.

**LTV STEEL COMPANY, Defendant,**

and

**USX Corporation, Defendant–Appellant.**

No. 03–1483.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 19, 2004.

Jonathan S. Quinn, Jeffrey H. Bergman, Michael D. Richman, Briggitte M. Carlson, Sachnoff & Weaver, Chicago, IL, for Plaintiff-Appellee.

Hugh A. Abrams, Deanna L. Keysor, Sidley, Austin, Chicago, IL, for Defendant-Appellant.

Before MICHEL, BRYSON, and GAJARSA, Circuit Judges.

## ORDER

PER CURIAM.

The court, on its own motion, determines as follows:

This case arises from a patent infringement action brought by Inland Steel Company against USX Corporation. In March 1995, following a jury trial on the infringement issues, the district court dismissed the action based on the pendency of a reexamination proceeding in the United States Patent and Trademark Office. The court qualified the entry of the dismissal order by providing that the case was "dismissed with leave to reinstate." After the Patent and Trademark Office held the patents in suit invalid, USX Corporation moved to reopen the case for purposes of entering an order granting USX Corporation attorney fees and costs in connection with the earlier proceedings in the district court. On March 25, 2003, the district court granted USX Corporation's motion "to reopen proceedings," but it denied USX Corporation's motion for entry of judgment on its counterclaim of patent invalidity as moot and it denied USX Corporation's motions for an award of costs and attorney fees on the ground that

"USX is not a prevailing party for purposes of costs or attorney fees in this action in this court." Two months later, on May 28, 2003, the court entered an order on a standard form entitled "Judgment in a Civil Case." The full text of the order is as follows:

IT IS HEREBY ORDERED AND ADJUDGED that defendant USX Corporation's motion for an award of costs and for an award of attorney fees are denied because USX Corporation in [sic] not a prevailing party for purposes of costs or attorney fees in this action in this court. See FRCP 54(d)(1); and 35 USC § 285

USX took this appeal from that order.

We have jurisdiction over "an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C. § 1295. On its face, the May 28, 2003, order does not satisfy the requirements of a final judgment, as it does not dispose of all of the claims and counterclaims and dismiss the action. It is unclear from that order and the previous order of March 25, 2003, whether the effect of the trial court's order to "reopen proceedings" in the case reinstated the entire action. The Seventh Circuit ordinarily treats a dismissal "with leave to reinstate" like a stay. *See Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent. Ltd.*, 154 F.3d 404, 408 (7th Cir.1998). If the action was in fact stayed during the pendency of the proceedings in the Patent and Trademark Office, the order to "reopen proceedings" would appear to be, in effect, an order lifting the stay. If that is so, a final judgment would be required disposing of the claims and counterclaims in the case.

The order of May 28, 2003, although denominated a "judgment," did not satisfy the strict requirements that the Seventh Circuit places on judgments. That court mandates that a judgment, in order to satisfy the requirements of finality, must dispose of all pending claims in the case. *See Farr v. Gruber*, 950 F.2d 399, 400 (7th Cir.1991) ("Having listed the motions it was granting and denying, the court neglected to provide for a disposition of the case. As we keep repeating, there is a gap between granting motions and disposing of claims. This document does not end the case, because it does not end the litigation against Monticello or otherwise specify that Farr has lost outright." (emphasis in original, citation omitted)); *Stamatakis Indus., Inc. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 383 (7th Cir.1991) ("Although the clerk checked the box 'Judgment is entered as follows', this order is not a judgment by any stretch of the imagination. Other claims in the litigation were unresolved, and the order did not specify the relief to which the prevailing parties are entitled.").

In light of the Seventh Circuit's strict requirements regarding final judgments (which govern a general procedural issue such as this one in a case coming to us from the Seventh Circuit), it would be improper speculation for us to infer that the March 25, 2003, order reinstated the entire action and that the district court intended the judgment to dispose of the entire case as of May 28, 2003. The issue that must be resolved is whether the entire action, including the complaint, was suspended between 1995 and 2003 and dismissed only in May 2003. This resolution may affect the determination as to whether the dismissal of the action constitutes a legal order as to which USX Corporation may be regarded as the prevailing party. Accordingly, we hold that there is, at present, no final judgment in this case from which an appeal may be taken and the appeal therefore must be dismissed. However, in order to conserve the resources of the parties and this court, this appeal will be subject to reinstatement if, within 30 days of the date of this order, the district

court enters an order that constitutes a final judgment in the case and a party appeals from that order. Accordingly,

IT IS ORDERED THAT:

1. This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of an order of the district court that constitutes a final judgment in this case. The final judgment incorporating an order of dismissal should indicate whether the dismissal covers the original claims as well as the counterclaims or whether the original claims were never reinstated so that the order of dismissal covers only the reinstated counterclaims.

2. If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on February 2, 2004, unless the panel determines that it needs additional briefing from the parties.