Marjorie **OCASEK**, Independent Administrator of the Estate of Hugh Wilson, Deceased, Plaintiff/Appellant,

v.

**MANVILLE CORPORATION ASBESTOS DISEASE COMPENSATION FUND**, Defendant/Appellee.

No. 91–1522.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 17, 1991.

Decided Feb. 6, 1992.

---

William R. Fahey, argued, Cooney & Associates, John C. Bulger, James R. Hopkinson, Kathy Byrne, Cooney & Conway, Chicago, Ill., for plaintiff-appellant.

Margaret S. Garvey, argued, Michael T. Novak, Michael J. Higgins, Freeborn & Peters, Chicago, Ill., for defendant-appellee.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

This case presents a discrete issue for consideration: whether the Johns–Manville Corporation's ("Johns–Manville") Second Amended and Restated Plan of Reorganization ("the Plan") allows for the award of post-judgment interest on a judgment for an asbestos-related personal injury. The appellant, citing federal and state statutes governing interest payments on civil judgments, argues that interest should accrue. The appellee responds that the Supremacy Clause of the United States Constitution and the plain language of the Plan prohibit the award of interest to the appellant.

The relevant facts of this case are straightforward. The plaintiff, Hugh Wilson, discovered in December 1987 that he was suffering from mesothelioma, a disease caused by exposure to asbestos. In May 1988 he filed a suit against his former employer, Johns–Manville, one of the world's largest users of asbestos. Mr. Wilson subsequently died and Marjorie Ocasek was named the independent executor of his estate.

Following protracted negotiations, which failed to result in a settlement agreement, the parties presented their case to a jury. Because the parties had stipulated to the issue of liability prior to the trial, the only issue before the jury was that of damages. On July 23, 1990, the jury returned an award of $4 million for the plaintiff. After several adjustments to that award, the district court entered judgment for the plaintiff in the amount of $3,629,191.20, and ordered that the award not accrue interest. It is from the district court's ruling that interest not accrue on the award that the plaintiff/appellant appeals. We affirm.

Post-judgment interest is authorized by both Illinois and federal statutes. Neither, however, is controlling here. Although, as a general matter, the Illinois Code provides that "[e]very judgment shall bear interest thereon ...," Ill.Rev.Stat. ch.

110, para. 12–109, two principles dictate that the provision should not govern the decision in this case. First, this case arises under a confirmed bankruptcy reorganization plan. Because the bankruptcy code explicitly provides that "the provisions of a confirmed plan bind the debtor ... and any creditor ...," 11 U.S.C. § 1141(a), the terms of the Plan govern any award of interest due to the appellant. Furthermore, it is well settled that the Supremacy Clause dictates that when state law is contrary to federal bankruptcy law, the bankruptcy provisions prevail. *Jones v. Keene Corp.*, 933 F.2d 209, 214 (3d Cir.1991); *In re Wimmer*, 121 B.R. 539, 543 (Bankr. C.D.Ill.1990). It is clear that the appellant cannot rest on Illinois law to support the argument that interest should accrue on its judgment.

■ Federal law also provides for the award of interest on civil judgments, mandating that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. This provision applies to judgments entered by a bankruptcy court. *In re A.S.M., Inc.*, 110 B.R. 802, 806 (Bankr.W.D.Tex.1990). Nevertheless, in this case, the ruling on interest was issued not from the bankruptcy court but rather from a federal district court. Here, the bankruptcy reorganization plan was in place at the time of the district court's rulings; therefore, the Plan's interest provisions, which are more specific than that of the general statutory provision for interest, control the distribution of any interest on awards against the bankrupt. *See* 11 U.S.C. § 1141(a). We thus examine the Plan's provisions regarding interest.

■ Johns–Manville filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in 1982. The company—the largest American producer and distributor of asbestos—sought reorganization in order to cope with its burgeoning liability to persons injured by exposure to asbestos. *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 639 (2d Cir.1988); *In re Joint E. & S. Dist. Asbestos Litig.*, 120 B.R. 648, 651 (Bankr.E. & S.D.N.Y.1990). The main goal of the reorganization plan was to ensure that all asbestos health victims were able to obtain damage awards for their injuries. *Kane*, 843 F.2d at 640. The latency period of asbestos-induced injury is long and the full reach of Johns–Manville's liability was not clear when the Plan was confirmed. Indeed, the breadth of Johns–Manville's liability remains unclear.

Because the number of potential claimants was unknown at the time of the reorganization, the reorganization plan established a Trust, the appellee in this case, from which existing and future claimants could seek compensation. However, it is now clear that the initial estimates of the number of claimants and amount of money sufficient to satisfy their claims were grossly underestimated; the Trust has already received 50% more claims than the highest number estimated when the Plan was approved. By Spring 1990, the Trust's ability to pay even its current obligations was exhausted. *In re Joint Litig.*, 120 B.R. 648 at 652.

Individuals who are entitled to damages for asbestos-induced injury are defined as "Liquidated AH Claimants", Class Four claimants under the reorganization Plan. *See* The Plan, § 2.4. The appellant does not contest that its claim is a Class Four claim. Section 3.4 of the Plan prohibits the payment of interest to Class Four claimants. A narrow exception to that interest ban is included in the Plan's definition of Liquidated AH Claims, which states that such claims include:

> those AH Claims which, prior to the Filing Date, were settled as to validity and amount ... (b) by the order of any court having jurisdiction with respect thereto to the extent that such order *was a Final Order on the Filing Date or became a Final Order at any time following the filing date,* whether or not prior to the Consummation Date.... (emphasis added).

The appellant argues that the phrase emphasized above should be read to authorize the payment of interest on any judgment entered by a court at any time after the

filing of the bankruptcy reorganization petition in August 1982. We disagree.

The Third Circuit has addressed this issue, and concluded that the Plan's interest ban applies strictly to all Class Four claimants. *Jones v. Keene Corp.*, 933 F.2d at 214. The appellants in *Jones* argued that the ban on interest payments should be read to be effective only until the date of the confirmation of the reorganization plan in December 1986. *Id.* at 213. In light of the Trust's mandate to ensure that all existing and future claimants are able to obtain money damages, and the financial problems of the Trust, the court concluded that a narrow interpretation of the Plan's prohibition on interest payment would frustrate the Trust's purpose. Although the court "recognize[d] the seeming harshness of this result," it also recognized that greater damage would result from a contrary interpretation, stating that, "if interest accrues while the Jones and others are waiting for the Fund itself to accrue enough income to pay them off, the Fund may never be able to meet future claims." *Id.* at 214.

The appellant offers an interpretation of the Plan's interest restriction that, like that of the Joneses, would result in a rapid depletion of the Trust's assets, thereby jeopardizing the possibility of any payment to any claimant. Two harmful results seem likely to follow from the appellant's proffered interpretation. First, the ultimate purpose of the Plan—to provide a pool of money from which all existing *and* future claimants can obtain their money damages—would be frustrated. Given the Trust's current lack of funds, known claimants are currently unable to obtain payment on their judgments. Were interest to accrue on any outstanding judgments, the Trust's need for refunding would further outpace its ability to obtain cash. Second, the appellant's interpretation would encourage plaintiffs in such cases to go to trial, because any award issued and entered by a court would be entitled to interest. The Plan prohibits the award of interest to claimants who settle their claims. This result would frustrate the Trust Agreement's preference to compensate claimants

with, "settlement to be preferred over arbitration, arbitration to be preferred over resort the tort system, and fair and efficient resolution of claims to be preferred over all else." Trust Agreement § 2.02.

The federal rules of civil procedure distinguish between issuance and entry of judgment in a manner that offers sound guidance in the interpretation of the disputed phrase. Rule 58 requires that a judgment be entered by a separate document at the termination of a case. Fed. R.Civ.P. 58. Thus, there is a differentiation between the issuance of an order discussing and disposing of all the issues in a given case and the entry of judgment terminating the case. *Stamatakis Indus. v. J. Walter Thompson*, 944 F.2d 382, 383 (7th Cir.1991); *Farr v. Gruber*, 950 F.2d 399, 400 (7th Cir.1991). The Plan's definition of a Final Order reflects this distinction, providing that final orders are those issued *and* entered by a court. *See* Exhibit A to the Plan. The Plan's exception allowing interest for Liquidated AH Claims resulting from a Final Order after the Filing Date thus covers that narrow class of cases where an order disposed of a claim prior to the Filing Date but the judgment was not entered until after the Filing Date. This interpretation accounts for any post-trial motions that resulted in a delay between issuance of an order and entry of judgment in any such case. This reading of the disputed phrase complements the Plan's design to restrict the payment of interest on any post-Filing Date Liquidated AH Claims.

The interpretation posited by the appellant would surely swallow the Plan's general restriction against the award of interest on damage awards for asbestos-related injuries. Such a reading would also frustrate the intent of the Trust—to provide for the efficient resolution of claims and to ensure that funds are available to satisfy all those claims. Based on the purpose of the bankruptcy reorganization plan, as well as the mandate of the Trust, its plain language, and its current fiscal status, the district court's ruling prohibiting accrual of

interest on the appellant's judgment is AFFIRMED.