Harold L. **BOWERS**, d/b/a HLB Technology, Inc. Plaintiff,

v.

**BAYSTATE TECHNOLOGIES, INC., Defendant.**

Civil Action No. 91–40079–NMG.

United States District Court, D. Massachusetts.

Sept. 6, 2000.

---

Louis M. Ciavarra, George B. Sanders, Jr., Bowditch & Dewey, Worcester, MA, Mark P. Szpak, Ropes & Gray, Boston, MA, Robert M. Asher Lee, C. Bromberg, Robert L. Kann, Julia Huston Bromberg & Sunstein, Boston, MA, for plaintiff.

Robert E. Strauss, Plante, Strauss, Vanderburgh & Connors, Santa Ana, CA, Frederick M. Meeker, Steven S. Chang, Banner & Witcoff, Ltd., Washington, DC,

Ralph A. Loren, Lahive & Cockfield Boston, MA, Dale A. Malone, Gregory J. Cohan, Banner & Witcoff, Ltd. Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This Court presided over a jury trial in the above-captioned civil action between May 15 and June 7, 2000. Most of the claims asserted by both parties were tried to the jury and it returned a verdict in favor of Harold L. Bowers d/b/a HLB Technology, Inc. ("Bowers") on his patent infringement, copyright infringement and breach of contract claims. Accordingly, the jury awarded Bowers damages on all of those claims.

Consistent with the contentious manner in which the parties have conducted all other aspects of this case, they dispute what damages and prejudgment interest should be awarded. Pending before the Court are two post-trial motions, one to omit duplicative damages (Docket No. 392) filed by the defendant, Baystate Technologies, Inc. ("Baystate") and the other to award prejudgment interest (Docket No. 396) filed by Bowers.

### I. Motion to Omit Duplicative Damages

■ Baystate has filed a motion to reduce the total damages awarded by the jury by eliminating what it asserts are duplicative damages. The jury awarded Bowers damages on three of his claims: $232,977 on the patent infringement claim, $1,948,869 on the copyright infringement claim and $3,831,025 on the breach of contract claim.

Baystate argues that the contract damages are duplicative of both the patent and copyright damages. Bowers denies it and contends that the Court should not attempt to surmise the meaning of the jury award but rather let the verdict stand in its entirety.

In essence, Baystate asserts that Bowers is entitled to receive only the amount that he would have earned absent Baystate's infringement. That amount is determined by tabulating the lost sales on Bowers' patented device and copyrighted works which, Baystate argues, is represented by the jury's award of patent and copyright damages.

In this case, however, Bowers also asserts that Baystate was bound by and breached a license on all of his products which resulted in additional contract damages. Baystate responds that Bowers' alleged contract damages, which are based upon the lost profits from sales he did not make due to Baystate's conduct, are comprised of exactly the same lost sales that are the basis for the patent and copyright damages. Baystate concludes that Bowers should, therefore, be entitled to either patent plus copyright damages or to contract damages.

The Court disagrees with both parties. If the Court were to award patent, copyright and contract damages, Bowers would receive not only lost profits under his contract claim but also prospective profits from the sale of patented and copyrighted material. Such profits would be duplicative because, by definition, the contract damages would be the direct result of patent and copyright infringement. Bowers should not recover twice for each lost sale. For that reason, this Court declines to award Bowers the combined total of the patent, copyright and contract damages.

Bowers properly notes, however, that the Court instructed the jury that the license agreement covered only the copyrighted software programs and not the patented device. Bowers contends that the jury calculated the amount of contract damages on the software programs only and did not include therein lost sales on the patented device and that therefore he is entitled to damages under both counts independently.

Although, in his closing argument, Bowers' counsel stated that the contract cov-

ered all of his products, the Court instructed the jury that the contract covered only the copyrighted software program. It will not be presumed that the jury ignored those instructions nor that its award of contract damages included patent damages. For that reason, the award of damages will be comprised of both the contract and patent damages.

## II. Motion for Prejudgment Interest

Bowers has moved the Court to award him applicable prejudgment interest. The parties predictably dispute whether prejudgment interest should be awarded, on what date it should commence, if at all, the rate of interest and whether it should be simple or compounded.

### A. Contract

Massachusetts law provides that, after finding a breach of contract, prejudgment interest at the rate of twelve percent per annum is to be calculated from the date of the breach or demand, if established. M.G.L. c. 231, § 6C. If the date of breach or demand is not established, prejudgment interest on the contract claim is to be calculated from the date of the commencement of the action. *Id.*

Establishing the date of breach or demand is a determination made by the trier of fact and, where trial has proceeded before a jury, neither the judge nor an appellate court can make such a determination. *Deerskin Trading Post, Inc. v. Spencer Press, Inc.* 398 Mass. 118, 125, 495 N.E.2d 303 (1986). Because the jury in this case made no determination on the date of breach or demand, the applicable date is the date of the commencement of the action. M.G.L. c. 231, § 6C.

Bowers initially asserted counterclaims against Baystate on July 16, 1991. The contract claim was not, however, asserted until Bowers moved to amend his claims on March 20, 1998. In *Deerskin Trading Post*, the Massachusetts Supreme Judicial Court upheld the trial court's award of

prejudgment interest from the date that the plaintiff moved to be allowed to amend its counterclaim, not from an earlier date sought by the plaintiff. 398 Mass. at 125–26, 495 N.E.2d 303. This Court, therefore, awards to Bowers prejudgment interest on the contract claim at the rate of twelve percent (12%) per annum from March 20, 1998 to the date of entry of judgment.

The parties also contest whether the interest should be simple or compounded. "Compounding cannot be done in the absence of express agreement." *D'Annolfo v. D'Annolfo Constr. Co., Inc.*, 39 Mass.App.Ct. 189, 193, 654 N.E.2d 82 (1995). Without express agreement interest is not due on overdue interest. *Shapiro v. Bailen*, 293 Mass. 121, 123–124, 199 N.E. 315 (1936). Therefore, the prejudgment interest awarded will be simple interest and not compounded.

### B. *Patent*

The Court possesses some discretion in awarding prejudgment interest on a patent claim because such interest is authorized but not required. 35 U.S.C. § 284. Notwithstanding such discretion, prejudgment interest should ordinarily be awarded absent some justification for withholding it. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983). In the patent context, prejudgment interest is meant to put the patent holder in the same position he would have been in had he received royalty payments between the time of infringement and the time of judgment. *Polaroid Corp. v. Eastman Kodak Co.*, 16 U.S.P.Q.2d 1481, 1540 (D.Mass.1990) (citing *General Motors Corp.*, 461 U.S. at 657, 103 S.Ct. 2058).

This Court concludes that prejudgment interest on the patent damages is appropriate here so that Bowers may be compensated for the period during which he was denied patent royalties due to Baystate's infringement. The period for which prejudgment interest will apply to patent damages begins on the date Bowers filed his patent infringement claim against Baystate, July 16, 1991, and runs through the date of judgment, excluding the period during which this action was stayed pending reexamination in the United States Patent and Trademark Office (March 12, 1993 through March 10, 1997).

With respect to the appropriate rate for such prejudgment interest, this Court finds *Avco Corp. v. PPG Indus., Inc.*, 867 F.Supp. 84, 99 (D.Mass.1994) to be persuasive. That case set the interest rate at the rate of three-month U.S. Treasury bills for the secondary market. Prejudgment interest will be awarded to Bowers at that rate.

### ORDER

For the reasons set forth in the Memorandum above:

1) the motion of the defendant, Baystate Technologies, Inc., to omit duplicative damages (Docket No. 392) is ALLOWED, in part, and DENIED, in part; and

2) the motion of the plaintiff, Harold L. Bowers d/b/a HLB Technology, Inc., for entry of prejudgment interest (Docket No. 396) is ALLOWED.

Judgment will be entered in the amount of $4,064,002, plus prejudgment interest as provided herein. Plaintiff shall promptly prepare and submit a form of judgment.

So ordered.