**In re Ronald Paul LAMARRE, Debtor.**

**No. 95–43677–JBR.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 8, 2001.

Mark S. Foss, MacCarthy, Pojani & Hurley, LLP, Worcester, MA, for Stephan M. Rodolakis, Chapter 7 Trustee.

Andrea Mobilia, Middleton, MA, for Paul and Catherine Foley.

### MEMORANDUM DECISION ON SUPPLEMENTAL OBJECTION OF TRUSTEE TO CLAIMS

JOEL B. ROSENTHAL, Bankruptcy Judge.

In 1993 Paul and Catherine Foley (the "Claimants") filed a breach of contract suit against Ronald Lamarre (the "Debtor") in state court. The Debtor filed his bankruptcy petition in 1995.[1] Subsequently, the Claimants commenced an adversary proceeding to fix and liquidate their claims

---

1. The case was originally filed as a chapter 7 proceeding, subsequently converted to a

as well as to obtain a determination that their claims were nondischargeable. The Court awarded judgment in the Claimants' favor: Paul Foley was awarded $97,000 and Catherine Foley was awarded the sum of $25,900. Each monetary award carried the same award of interest namely "prejudgment interest from January 1, 1993, the date of the breach or demand, at the rate of 12% per annum, plus post judgment interest from today [June 27, 1996] at the annual rate of 5.62%."[2] In addition the judgment declared these debts nondischargeable.

The parties agree, and they are correct, that postpetition interest, whether it is prejudgment or postjudgment, cannot be included in the claim against the estate.[3] The Claimants, however, assert that they are entitled to prepetition prejudgment interest while the Trustee argues that all prejudgment interest is unmatured and therefore should be disallowed. For the reasons set forth below, the Court holds that prepetition prejudgment interest is not unmatured and is to be included in the claims.

### SECTION 502(b)(2)

Section 502(b) of the Bankruptcy Code provides in pertinent part:

... the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\* \* \* \* \* \*

(2) such claim is for unmatured interest.

The Bankruptcy Code, however, does not define the term "unmatured interest" or the words "matured" or "unmatured". "Laws should be examined as a whole and words given their plain meaning unless this would yield an absurd result." *Couvertier v. Gil Bonar*, 173 F.3d 450, 452 (1st Cir.1999). "Mature" means "to become due"; a "matured claim" as "a claim that is due for payment". BLACK'S LAW DICTIONARY 999 and 240 (7th ed.1999). Therefore, matured interest is interest that is due and payable; unmatured interest is the opposite, *i.e.*, interest that is not yet due and payable. Defining "unmatured interest" as interest not yet due and payable gives the word its ordinary definition and is in keeping with the legislative intent.[4]

Moreover, courts have defined "unmatured" in the same way. *See, e.g., In re*

---

chapter 13 proceeding, and then reconverted to a chapter 7 case. The conversion and reconversion have no affect on determining whether the interest claim is allowable. 11 U.S.C. § 348(a).

2.  Massachusetts General Laws ch. 231 § 6C provides: "In all actions based on contractual obligations, upon a verdict, finding, or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand ..."

3.  The Claimants are free to pursue their judgments including all interest against the Debtor from assets that are not assets of the

estate. His bankruptcy does not alter his liability for the entire judgment (minus whatever distribution is made on the Foleys' claims in bankruptcy); section 502(b)(2) only precludes inclusion of unmatured interest in a claim asserted against the bankruptcy estate. *United States v. Heisson*, 217 B.R. 1, 3–4 (D.Mass.1997). *See also In re Girard*, 243 B.R. 894, 897 (Bankr.M.D.Ala.1999); *Boone v. I.S.S.C. (In re Boone)*, 215 B.R. 386 (Bankr.S.D.Ill.1997); Collier on Bankruptcy ¶ 502.03[3][b][iii].

4.  The House committee report on Section 502(b)(2) states:

Interest disallowed under this paragraph includes postpetition interest that is not yet due and payable, and any portion of pre-

*Thrifty Oil,* 249 B.R. 537, 543 (S.D.Cal. 2000) ("Interest is 'unmatured' when it was not yet due and payable at the time the debtor filed its bankruptcy petition."); *In re McMurray,* 218 B.R. 867, 870 (Bankr. E.D.Tenn.1998) ("This statute 'establishes a general rule that interest on a debt is collectible from the bankruptcy estate only to the extent it is earned before the filing of the bankruptcy petition ... Payment of postpetition interest on prepetition unsecured claims is prohibited; interest is computed as of the day of the filing of the petition and stops on that day.' ") (citations omitted); *Ridgemont Apartment Assoc. v. Atlanta English Village, Ltd.,* 110 B.R. 77, 82 (N.D.Ga.), *aff'd,* 890 F.2d 1166 (11th Cir.1989) ("Under the bankruptcy code, only claims for interest that existed at the date of filing the petition are allowed to be recovered against a debtor. 11 U.S.C. § 502(b)."). *See also In re Chateaugay Corporation,* 961 F.2d 378, 380–81 (2d Cir. 1992) and cases cited therein (original interest discount disallowed to the extent it was unamortized on the petition date).

### THE NATURE OF THE CLAIM

Defining "unmatured interest" as "interest not yet due and payable" may not resolve the issue, however, as the question becomes what does it mean that interest was not yet due and payable as of the petition date. In other words, can interest that would otherwise be due and owing on the underlying claim actually be due and owing "as of the petition date" if, on the petition date, the underlying claim is disputed or unliquidated or contingent? The answer, at least in those instances in which the underlying claim becomes fixed and liquidated during the bankruptcy, is yes.

paid interest that represents an original discounting of the claim, yet that would not have been earned on the date of bankruptcy ...

Pursuant to Section 101(5) of the Bankruptcy Code, a claim is defined as a

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

▮▮▮ "All words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous." *Couvertier,* 173 F.3d at 453. Thus there is a difference between claims that are unmatured and those that are contingent or disputed or unliquidated. That Congress understood the difference between these words is evidenced in other parts of the Bankruptcy Code where Congress chose to use some but not all of these words. For example, section 502(b)(1) prohibits the disallowance of contingent or unmatured claims if the disallowance is based solely on the contingent or unmatured nature of the claim; section 502(b)(2) disallows only unmatured interest. If Congress intended that contingent claims for interest be disallowed, the language of section 502(b)(2) would have included both the words "contingent" and "unliquidated". *See also* 11 U.S.C. § 303(b)(1); *In re First Energy Leasing Corp.,* 38 B.R. 577, 584 (Bankr. E.D.N.Y.1984) (creditors holding contin-

H.Rep. No. 595, 95th Cong., 1st Sess. 352–53 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6308–09.

gent or disputed claims cannot be petitioning creditors but Bankruptcy Code is silent as to creditors holding unmatured claims, therefore creditors holding unmatured claims eligible to be petitioning creditors).

Courts have generally recognized that each of these words describes a different type of claim although often a claim may fall into more than one category.

[A] claim is contingent if it becomes due only on the occurrence of a future event. *In re M. Frenville Co.*, 744 F.2d 332, 336 n. 7 (3rd cir.1984), *cert. denied* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). A claim is unliquidated when it is "[n]ot ascertained in amount" or "not determined". BLACK'S LAW DICTIONARY 1557 (6th ed.1990). "Fixed liabilities" are defined in Black's Law Dictionary as "[t]hose [liabilities that are] certain and definite as to both obligation and amount," *id.* at 638, and a "matured claim" is a "[c]laim which is unconditionally due and owing". *Id.* at 979.

*In the Matter of Mattera*, 203 B.R. 565, 571 (Bankr.D.N.J.1997).

Even courts, however, have difficulty determining into which category or categories a claim may fall. *Compare In re Camp*, 78 B.R. 58 (Bankr.E.D.Pa.1987) *with In re Andrews*, 78 B.R. 420, 421 (Bankr.E.D.Pa.1987) ("We are, however, less certain than [the court in *In re Camp* ] as to the proper classification of this claim as 'unmatured' rather than 'contingent' and we therefore request further briefing . . .").

■ In this case the underlying claim, namely the claim for breach of contract, was, as of the petition date, disputed and unliquidated. During the bankruptcy it became fixed and liquidated and at that time, the amount of interest, which would accrue under state law, became a fixed and liquidated amount. Section 502(b)(2) does

not require the exclusion of so much of the interest as accrued up to the petition date simply because the amount was unliquidated and disputed on the petition date; it requires that, once the amount of interest that accrued became fixed and liquidated, only that portion that accrued on or before the petition date can be allowed. This result is in keeping with the one case that expressly considered and discussed the issue.

In *In re United States Lines, Inc.*, 199 B.R. 476 (Bankr.S.D.N.Y.1996), the court, after reviewing section 502(b)(2), the legislative history, and the definitions of the words unmatured, contingent and unliquidated, held that prepetition prejudgment interest on a claim that became fixed and liquidated during the bankruptcy carried interest that was not prohibited under section 502(b)(2). In that case the claimant's decedent was swept overboard in 1983. Three years later the debtor filed its chapter 11 petition. The claimant filed a prejudgment claim for wrongful death in the bankruptcy proceedings. In 1992 a state court judgment entered in the claimant's favor. The judgment, which originally provided for interest only from the date of the verdict, was subsequently modified to provide interest from the date of death. The debtor objected to the prepetition prejudgment interest pursuant to section 502(b)(2). The court, however, overruled the objection and held that prepetition, prejudgment interest was not "unmatured" within the meaning of the Bankruptcy Code. "[T]he petition date is the crucial date for the accrual of interest on a claim, and the date judgment is entered is irrelevant." *Id.* at 483.

The *United States Lines* court also undertook an examination of prior cases dealing with this question. In *Bursch v. Beardsley & Piper*, 971 F.2d 108, 114 (8th

Cir.1992), the court held that postpetition prejudgment interest was "unmatured". Neither the court nor the parties in *Bursch* challenged the inclusion of prepetition prejudgment interest although such interest was part of the claim. In *In the Matter of Hunt*, 60 B.R. 183 (Bankr. M.D.Fla.1986), as Judge Blackshear acknowledged in *United States Lines*, it is difficult to know what the court was ruling on when it disallowed interest as unmatured. The *Hunt* court stated "interest cannot be allowed on his claim or any item which was due and unpaid on the date of commencement of this case. This is so because § 502(b)(2) of the Bankruptcy Code does not permit the allowance of unmatured interest on unsecured claims." *Id.* at 186. Nowhere in the *Hunt* opinion, however, does the court state whether the claim, which was an employee disability benefit claim, related to the pre or postpetition period.[5]

For the foregoing reasons, prepetition prejudgment interest is to be included in the Claimants' claims.

### CALCULATION OF INTEREST

Prejudgment interest awarded pursuant to M.G.L. ch. 231 § 6C is simple interest. *Bowers v. Baystate Technologies, Inc.*, 112 F.Supp.2d 185, 188 (D.Mass.2000). The petition date is included as the last day on which interest accrues. *Ridgemont Apartment Assoc.*, 110 B.R. at 82. Thus the claimants are entitled to $97,000 and $25,900, respectively, plus simple interest at 12% per annum from January 1, 1993 to August 18, 1995 which aggregates to claims of $127,614.70 and $34,075.60, respectively. A separate order consistent with this opinion will issue.

---

5. One of the litigants in *United States Lines* cited the *Hunt* case for the proposition that prepetition prejudgment interest cannot be allowed. Judge Blackshear stated that, if *Hunt* did hold that prepetition prejudgment interest is to be disallowed pursuant to section 502(b)(2), he believed *Hunt* was incorrectly decided. This Court concurs with Judge Blackshear.