Gants, J.
On April 18, 2003, a jury awarded the plaintiff Leo J. Hamel $1,765,000 on his personal injury claim against the defendant, Malden Mills Industries, Inc. (“Malden Mills”), and awarded his wife, Rosemary Hamel, $250,000 on her claim for loss of consortium. On April 23, 2003, the Assistant Clerk issued a Judgment on Jury Verdict ordering that Mr. and Mrs. Hamel recover $2,015,000 from Malden Mills “with Iprejudgment] interest thereon from 12/17/1999 to 4/18/2003 in the sum of $806,685.10
On May 1, 2003, Malden Mills timely filed a Motion for Judgment Notwithstanding the Verdict, for Remittitur, or Alternatively for a New Trial or to Amend Judgment. While this motion focused on claims of unfairness in the trial that purportedly warranted either a new trial or remittitur of the damage award, Malden Mills also asked for the judgment to be amended by excluding the amount of prejudgment interest that had accrued during the period that the case had been subject to the automatic stay following Malden Mills’ filing of its voluntary petition for bankruptcy reorganization under Chapter 11 of the United States Bankruptcy Code.[1] This Court denied the motion on May 2, 2003.
On May 5, 2003, United States Fire Insurance Company, Malden Mills’ excess insurer, moved to intervene to ask this Court to reconsider its denial of that part of Malden Mills’ motion which challenged the calculation of prejudgment interest, and provided both statutory and caselaw support for its claim of error. This Court allowed the motion to intervene on May 8, 2003 and ordered a hearing to be conducted as to the calculation of prejudgment interest. Malden Mills then filed a supplemental memorandum to amend the judgment, specifically challenging the prejudgment interest calculation. After hearing, for the reasons detailed below, this Court allows the defendant’s motion to amend the judgment to the extent detailed in the order below.
DISCUSSION
1. The Judgment is in Error for Reasons Separate from the Calculation of Prejudgment Interest
First, although not raised, by the parties, it is plain to this Court that the judgment is in error in that it awarded both Leo and Rosemary Hamel, jointly and separately, $2,015,000 from Malden Mills when neither party is entitled to an award of that amount. The Assistant Clerk apparently added the personal injury damages for medical expenses, lost earning capacity, and pain and suffering awarded to Mr. Hamel, and the loss of consortium damages awarded to Ms. Hamel into a single award to both Mr. and Ms. *536 Hamel. Since the damages are personal to each plaintiff, they may not be added together into a single award to which each is entitled. Therefore, the Assistant Clerk shall amend the judgment to provide for a damage award to Leo Hamel in the amount of $1,765,000 on his personal injury claim, plus prejudgment interest and costs, and to Rosemary Hamel in the amount of $250,000 on her claim for loss of consortium, plus prejudgment interest and costs.
2. The Allowance of Post-Petition Prejudgment Interest
On December 17,1999, the Hamels filed the instant action against Malden Mills. On November 29, 2001, Malden Mills filed for bankruptcy reorganization under Chapter 11. As the result of its bankruptcy petition, an automatic stay of all judicial proceedings took effect in accordance with 11 U.S.C. §362(a)(1). On March 11, 2002, pursuant to a stipulation agreed to by all parties to this litigation, the United States Bankruptcy Court granted the Hamels’ motion for relief from the automatic stay, thereby permitting the instant litigation to proceed while the bankruptcy case remained pending. Notice of the relief from stay was filed in this court on April 8, 2002. As of today, Malden Mills’ bankruptcy reorganization has not yet been completed and Malden Mills remains in bankruptcy.
Under G.L.c. 231, §6B, a prevailing plaintiff is entitled to twelve percent simple interest on the amount of his or her damage award from the date of commencement of the action. However, once a bankruptcy petition is filed and a civil plaintiff thereby becomes a potential creditor in bankruptcy, the plaintiffs right to recover is governed by federal law, not Massachusetts law. See Bursch u. Beardsley & Piper, 971 F.2d 108, 114 (8th Cir. 1992). Under 11 U.S.C. §502(b) of the Bankruptcy Code, a creditor’s claim “for unmatured interest” may not be allowed against the bankruptcy estate. 11 U.S.C. §502(b); Bursch v. Beardsley & Piper, 971 F.2d at 114; In re Comstock Financial Services, Inc., 111 B.R. 849, 860 (Cent.Dist.Cal. 1990). “Unmatured interest” is defined as interest not yet due and payable. In re Lamarre, 269 B.R. 266, 267 (D.Mass. 2001). When a plaintiff, as here, has filed suit against a corporation that later files for bankruptcy and thereby becomes a potential creditor of the bankruptcy estate, unmatured interest includes post-petition prejudgment interest; it does not include pre-petition prejudgment interest. Id. Consequently, to the extent that the Hamels seek to collect from Malden Mills’ bankruptcy estate, they may collect only their actual damages and pre-petition prejudgment interest, not post-petition interest. See id.
“The general rule ‘disallowing’ the payment of unmatured interest out of the assets of the bankruptcy estate is a rule of administrative convenience and fairness to all creditors. The rule makes it possible to calculate the amount of claims easily and assures that creditors at the bottom rungs of the priority ladder are not prejudiced by the delays inherent in liquidation and distribution of the estate.” In re Hanna, 872 F.2d 829, 830 (8th Cir. 1989). There is, however, a statutory exception to this general rule in circumstances where these concerns for administrative convenience and fairness are not present. Id. In those rare cases where there is money remaining in the bankruptcy estate after all creditors have been paid, the Bankruptcy Code provides that post-petition prejudgment interest shall be paid from the bankruptcy estate in accordance with a statutory order of priority before any of the surplus is paid to the debtor. 11 U.S.C. §726(a); Resnick, Alan & Summer, Henry, Collier on Bankruptcy, §502.03[3][c] (15th ed. 2003).
The Hamels argue that the concerns for administrative convenience and fairness are also not present when the entirety of their claim is within the limits of Malden Mills’ insurance coverage and can be paid by the defendant’s insurers without affecting the payment of other insured claims. To be sure, Malden Mills appears to have more than sufficient liability insurance to pay the Hamels’ award, with post-petition prejudgment interest, without affecting the ability of other tort claimants to receive the entirety of what they may be due. Moreover, the Stipulation and Order that granted the relief from the automatic stay specifically provided that, once the claim was resolved, the parties shall seek a determination from the Bankruptcy Court “that the total of any claims that can be made against the same insurance policies implicated in the Hamel Litigation are not likely to exceed the total insurance proceeds available under these policies.” Stipulation and Order Regarding Hamel Motion for Relief from Stay, at 3. Consequently, there is not a significant risk that making the Hamels whole by paying them the post-petition prejudgment interest they would otherwise be entitled to receive under Massachusetts law will injure any other creditor. Therefore, if the spirit of 11 U.S.C. §726(a) is that creditors are made whole when they can be without affecting the rights of other creditors, then the Hamels can justly contend that this spirit is also served when the tort claimant creditors can be made whole within the limits of the bankrupt’s insurance coverage.
At the same time, Malden Mills can justly observe that the exception incorporated in 11 U.S.C. §726(a) is set forth in the Bankruptcy Code and Congress chose not to carve out a similar exception with respect to liability insurance coverage. The liability policy of a debtor is property of the bankruptcy estate even though it may cover only those debts arising from the insured’s negligent conduct. Tringali v. Hathaway Machinery Company, 796 F.2d 553, 560 (1st Cir. 1986). Therefore, to allow a claim for post-petition prejudgment interest against the debtor’s insurance coverage is to allow such a claim against the bankruptcy estate, contrary to the language of 11 U.S.C. §502(b). See In re Pettibone Corporation, 151 B.R. 178, 183 (N.D.Ill. 1993) (“a Bankruptcy Judge is *537 not a free-wheeling ombudsmen entitled to apply his or her view of fairness apart from the law”). See also Bursch v. Beardsley & Piper, 971 F.2d at 114 (debtor’s insurer cannot be derivatively liable for post-petition prejudgment interest because debtor was never liable for it under §502(b)).
The Superior Court, with no expertise in federal bankruptcy law, is far from the ideal forum to resolve this contest between the letter and spirit of the bankruptcy law. After struggling with this issue, this Court has chosen a pragmatic course of action. Since the bankruptcy reorganization of Malden Mills is not yet concluded, this Court cannot know for sure whether there will be any assets remaining in the bankruptcy estate once all creditors have been paid, and therefore it cannot be certain that no post-petition prejudgment interest will be payable from the surplus under 11 U.S.C. §726(a). In such an event, however unlikely, the Hamels will be able to collect this interest only if this Court’s Judgment calls for it to be paid. Therefore, the Judgment shall include all post-petition prejudgment interest to preserve the possibility of such payment under 11 U.S.C. §726(a). This Court also recognizes that, in accordance with the Stipulation and Order regarding the relief from the automatic stay, this Judgment may not be paid until it is reviewed by the Bankruptcy Court. This Court will leave it to the Bankruptcy Court to determine whether to allow that portion of the Judgment that provides for post-petition prejudgment interest, and Malden Mills shall be required to pay the post-petition prejudgment interest set forth in the Judgment only if such payment is allowed by the Bankruptcy Court under 11 U.S.C. §502.
Consequently, the Assistant Clerk shall amend the judgment to provide for a damage award to Leo Hamel in the amount of $1,765,000 on his personal injury claim, plus pre-petition prejudgment interest calculated for the period from the date of filing though November 29, 2001, and post-petition prejudgment interest calculated for the period after November 29, 2001, plus statutory costs. The Assistant Clerk shall also amend the judgment to provide for a damage award to Rosemary Hamel in the amount of $250,000 on her claim for loss of consortium, plus pre-petition prejudgment interest calculated for the period from the date of filing through November 29, 2001, and post-petition prejudgment interest calculated for the period after November 29, 2001, plus statutory costs. With respect to the award to both Leo and Rosemary Hamel, the Judgment shall expressly declare that post-petition prejudgment interest shall be deemed payable only with the approval of the Bankruptcy Court.
ORDER
For the reasons stated above, this Court ALLOWS the defendant’s motion to amend the Judgment to the extent that:
1. The Assistant Clerk shall amend the judgment to provide for a damage award to Leo Hamel in the amount of $1,765,000 on his personal injury claim, plus pre-petition prejudgment interest calculated for the period from the date of filing through November 29, 2001, and post-petition prejudgment interest calculated for the period after November 29, 2001, plus statutory costs.
2. The Assistant Clerk shall also amend the judgment to provide for a damage award to Rosemary Hamel in the amount of $250,000 on her claim for loss of consortium, plus pre-petition prejudgment interest calculated for the period from the date of filing through November 29, 2001, and post-petition prejudgment interest calculated for the period after November 29, 2001, plus statutory costs.
3. With respect to the award to both Leo and Rosemary Hamel, the Judgment shall expressly declare that post-petition prejudgment interest shall be deemed payable only with the approval of the Bankruptcy Court.

In its initial memorandum, Malden Mills provided neither statutory nor caselaw support for its contention that prejudgment interest may not be awarded during the period of the automatic stay.