Lu, John T., J.
INTRODUCTION
The plaintiffs, David and Karen Hathaway (Hathaways), brought this action seeking damages for personal injuries to David Hathaway while he was working on the Tobin Bridge. On May 16, 2006, the jury found that Raytheon Engineers and Constructors, Inc. (Raytheon) was negligent in its failure to oversee fall protection at the Tobin Bridge and the court entered an order for judgment in favor of the Hathaways in the amount of $7,950,000, with interest from January 15, 1999, and costs. Raytheon now moves, pursuant to Mass.R.Civ.P. 59(e), 60(a), or 60(b) that the judgment be corrected or amended to exclude interest to the extent the Bankruptcy Court ordered that interest not accrue.'[2]' The court determines that the motions were timely filed, and that Raytheon is entitled to the reduction in interest, but declines to make the modifications, leaving the issue to the Bankruptcy Court.
*128 BACKGROUND
The Hathaways commenced this action on January 15, 1999. On May 14, 2001, Raytheon, through its parent company Washington Group International, Inc. (Washington Group), filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Nevada (Bankruptcy Court). As a result of the bankruptcy proceeding, this litigation was stayed. On December 21,2001, the Bankruptcy Court entered an order confirming Washington Group’s second amended joint plan of reorganization, as modified.
This court entered judgment for the Hathaways on May 16, 2006 in the amount of $7,950,000 "with interest from January 15, 1999 and costs. Raytheon argues that the court miscalculated interest applicable to the Hathaways’ claims when it awarded interest on the judgment after the date Raytheon filed for bankruptcy protection.
DISCUSSION
Timeliness of the Motions
The Hathaways claim that Raytheon “flagrantly disregarded” the rules of civil procedure and the rules of the Superior Court by filing post-trial motions several months after final judgment entered on May 16, 2006.[3] Raytheon contends, however, citing Mass.R.Civ.P. 60(b), that their motion was timely filed because it was within one year of the entry of judgment.
While the Hathaways assert that Raytheon’s motion to correct or amend the judgment was not timely filed pursuant to Mass.R.Civ.P. 59(e),[4] if the request for relief “is made later than ten days after judgment, it is considered to fall within Rule 60(b) . . .” Smith and Zobel, 8 Mass. Practice Series at 439. The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970). This rule must be “carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judi-cata, and the command of the court’s conscience that justice be done in light of all the facts.” Id. “A motion brought under rule 60(b) is addressed to the discretion of the judge.” Parrell v. Keenan, 389 Mass. 809, 815 (1983).
Raytheon contends that it was the clerk’s error not to consider Bankruptcy Code §502(b)[5] when calculating the interest in this case, citing O’Malley v. O’Malley, 419 Mass. 377, 379-80 (1995) (courts generally view mistakes in the computation of interest as clerical), and therefore the motion is proper under Mass.R.Civ.P. 60(a).[6] In the alternative, Raytheon argues that Mass.R.Civ.P. 60(b) provides a vehicle for the Court to correct or amend a final judgment to correct a mistake in a judgment. Mass.R.Civ.P. 60(b) provides:
On motion and upon such terms as are just, the court may relieve a parly or his legal representative from a final judgment, order, or proceeding for the following reasons: (l)mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than a year after the judgment, order or proceeding was entered or taken.
Mass.R.Civ.P. 60(b) (emphasis added).
The Court finds, in the exercise of its discretion and in the interests of justice, that Raytheon did not exceed the time limits outlined in Mass.R.Civ.P. 60(b) when it filed its motion some three and one-half months after judgment was entered. Adopting the Hathaways’ description of the length of time between entry of judgment and-filing, the court recognizes that the delay is reasonable given the complexity of the issues.
Bankruptcy Issues
Raytheon argues that the court miscalculated interest applicable to the Hathaways’ claims when it awarded interest on their judgment for the period after May 14, 2001, the date Raytheon filed for bankruptcy protection. On August 2, 2001, Raytheon and its affiliated debtors filed the second amended joint plan of reorganization (the Plan) in the bankruptcy proceeding. After several modifications, the Bankruptcy Court entered an order confirming the Plan in December 2001. Raytheon claims that the Superior Court’s calculation of interest on the judgment conflicts with the Plan and confirmation order for the Plan, which provide that no post-petition interest shall accrue on any claim after the petition date.
Raytheon relies on Ocasek v. Manville Corp. Asbestos Disease Compensation Fund, 956 F.2d 152 (7th Cir. 1992), for the proposition that the terms of the Plan govern any award of interest due. In Ocasek, the plaintiff filed suit in May 1988 against his former employer, Johns-Manville, for mesothelioma, a disease caused by exposure to asbestos. Id. at 153. Johns-Manville had filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in 1982 because of costs associated with its liability to persons exposed to asbestos. Id. at 154. The only issue at trial was that of damages (the parties had stipulated to the issue of liability), and a jury returned a verdict for the plaintiff. Id. at 153. The District Court entered judgment for the plaintiff in the amount of $3,629,191.20, and ordered that the award not accrue interest. Id. The plaintiff appealed the District Court’s ruling that interest not accrue and the court affirmed. Id.
The Ocasek court held that despite the fact that Illinois law and federal statutes authorize post-judgment interest, neither controlled the case. Id. at 153-54. The court noted that the case arose under a confirmed bankruptcy reorganization plan which provided that because “the provisions of a confirmed plan bind the debtor . . . and any creditor ...,”11 U.S.C. §1141(a), the terms of the plan govern any award of *129 interest due to the creditor. Id. at 154. The court also noted that the “Supremacy Clause dictates that when state law is contraiy to federal bankruptcy law, the bankruptcy provisions prevail.” Id., citing Jones v. Keene Corp., 933 F.2d 209, 214 (3d Cir. 1991); In re Wimmer, 121 B.R. 539, 543 (Bankr. C.D.Ill 1990).
The court stated that while federal law provides for the award of interest on civil judgments, the bankruptcy plan was in place at the time the Federal District Court ruled. Ocasek, 956 F.2d at 154. Since the plan’s interest provisions were more specific than the general statutory provisions, the court held that the plan’s interest provisions control the distribution of interest on awards against the debtor. Id.
Raytheon argues that the facts are similar to Oc-asek, and therefore the apparent conflict between the Massachusetts statute governing the award of prejudgment interest (G.L.c. 231, §6B) and the terms of the Plan, should be resolved by the court determining that the Plan governs. Raytheon contends that paragraph 7.2 of the plan provides for the classification and treatment of all claims against Raytheon. Paragraph 7.2 provides:
Unless otherwise specifically provided for in this Plan or the Confirmation Order, or required by applicable bankruptcy law, post-petition interest shall not accrue orbe paid on Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim. Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.
The Hathaways argue that the Bankruptcy Court has exclusive jurisdiction to resolve disputes over claims against the estate. The Hathaways also argue that the Plan’s restrictions on post-petition prejudgment interest do not apply because the Hathaways’ claim is against Raytheon’s insurer and not the debtor’s estate. Since the claim will be “resolved” by insurance, the Hathaways argue that the claim is not subject to the Plan’s restrictions on post-petition prejudgment interest.
Bankruptcy Code section 541(a)(1) provides that the “estate is comprised of all of the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. §541(a)(l). The First Circuit Court of Appeals has concluded that the scope of property in the estate is broad, including all tangible and intangible property. Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553, 560 (1st Cir. 1986). “Every court that has recently considered the specific question has held that liability insurance falls within the scope of §541(a)( 1).” Tringali, 796 F.2d at 560-61.
The prevailing view is that insurance policies and their proceeds are property of the bankruptcy estate. MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 92 (2d Cir.), cert. denied, 488 U.S. 868 (1988) (“numerous courts have determined that a debtor’s insurance policies are property of the estate, subject to the bankruptcy court’s jurisdiction”); Tringali, 796 F.2d at 560-61 (“language, authority, and reason all indicate that proceeds” of liability insurance are in the bankruptcy estate); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1001 (4th Cir.), cert. denied, 479 U.S. 876 (1986) (insurance contracts included in estate); In re Mahoney Hawkes, LLP, 289 B.R. 285, (Bkrtcy.D.Mass. 2002) (Mahoney Hawkes, LLP (debtor) filed for relief under Chapter 11. The law firm carried a legal malpractice insurance policy. In its disclosure statement, the debtor sought (among other things) to separately classify the malpractice claimants from other unsecured creditors. Go-Best, one of the Class 3 creditors, claimed that the claims of Class 3 creditors are no different from the claims of Class 4 creditors because the proceeds of the policy are property of the estate. The court noted factual similarities to Tringali, and held that the proceeds of the policy are estate property. In re Mahoney Hawkes, LLP, 289 B.R. at 295).
The Hathaways and Raytheon both cite Hamel v. Malden Mills Industries, Inc., Civil No. 996117 (July 22, 2003) (Gants, J.) (2003 WL 23507094) [17 Mass. L. Rptr. 535], in which the Superior Court addressed the issue of awarding post-petition interest in a personal injury action against a company that filed for bankruptcy reorganization. In Hamel, the Hamels filed a personal injury action against Malden Mills in December 1999. Id. at *2. Malden Mills filed for bankruptcy reorganization in November 2001. Id. As a result of the bankruptcy petition, litigation between the parties was stayed. Id. Relief from the stay was granted in March 2002, as agreed by all parties. Id. In April 2003, a jury rendered a verdict in favor of the Hamels and the clerk issued a judgment which included post-petition interest. Id. at *1. Malden Mills challenged the court’s inclusion of post-petition interest in the award. Id.
The court held that post-petition prejudgment interest should be included in the judgment for the plaintiffs. Id. at *4. However, the court stated that post-petition prejudgment interest shall be deemed payable to the plaintiffs only with the approval of the Bankruptcy Court. Id. The court noted, “[t]he Superior Court, with no expertise in federal bankruptcy law, is far from the ideal forum to resolve this contest between the letter and spirit of the bankruptcy law.” Id. at *3.
The issue in this case is simpler than the issue in Hamel Here, the Bankruptcy Court entered an order confirming the Plan, which contained language stating that interest shall not accrue or be paid on any disputed claim with respect to the period from the petition date to the date a final distribution is made. *130 In Hamel, the bankruptcy reorganization of Malden Mills had not yet concluded. Id. The court was uncertain whether assets would remain in the bankruptcy estate once all creditors had been paid and the court could not have been certain that no post-petition prejudgment interest would be payable from the surplus under 11 U.S.C. §726(a). Id. This case, unlike Hamel, is not a contest between the letter and spirit of the bankruptcy law because the controlling language in the Plan is reasonably clear in prohibiting the accrual of interest from the petition date to the date a final distribution is made. Likewise, it is reasonably clear that the source of payment of the judgment, Raytheon’s insurance, does not take the judgment outside the bankruptcy estate and prevent the accrual of interest.
Nevertheless, on balance, this court is persuaded that Judge Gants’ approach is the wiser one; in order to avoid impairing the Hathaways’ ability to collect on the judgment, the clerk shall enter judgment in the full amount. The judgment shall not be paid until approved by the Bankruptcy Court.[7]
ORDER
Defendant Raytheon Engineers and Constructors, Inc.’s Motion to Correct or Amend the Judgment to Comply with the Second Amended Joint Plan of Reorganization, as Modified is DENIED. However, the judgment shall not be paid until approved by the Bankruptcy Court.

Raytheon has moved for other post-trial relief. The Court decides those motions separately.

In a November 9, 2006 letter to this court, the Hathaways note that Raytheon filed their Motion “three and one-half (3 1 ¡2) months after final judgment entered on May 16, 2006.”

Mass.R.Civ.P. 59(e) provides: “Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entiy of judgment.”

Under the Bankruptcy Code, the Bankruptcy Court shall allow a creditor’s claim except to the extent that the claim implicates any of the nine enumerated exceptions. 11 U.S.C. §502(b).

Mass.R.Civ.P. 60(a) provides: “Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders . . .”

This Court has explained its reasoning. If it is incorrect, the Bankruptcy Court or other reviewing court may exclude the interest at issue.